### State v. Arnett
*[Cite as 8 AOA 148]*

Case No. 8-89-13
Logan County, (3rd)
Decided November 8, 1990

Marc S. Triplett, 332 South Main Street, Bellefontaine, Ohio 43311, for Appellant.

Kim Kellogg-Martin, City Prosecuting Attorney, Bellefontaine City Building, Bellefontaine, Ohio 43311, for Appellee.

KERNS, J.

The defendant, Michael Arnett, was tried by jury in the Bellefontaine Municipal Court and found guilty of operating a motor vehicle while under the influence of alcohol, and from the judgment and sentence thereupon entered in the trial court, Arnett has perfected an appeal to this court.

The appellant has set forth his first assignment of error as follows:

"The trial court erred when it denied the accused the opportunity to cross examine the State's only witness as to previous relevant statements made by the witness under oath. This denial of cross examination denied the accused his rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Sections 10 and 16 of the Ohio Constitution, and Ohio Evidence Rules 611(B) and 613."

Prior to the trial, the municipal court held an evidentiary hearing upon a motion of the defendant to suppress the results of a breath test administered to him at the time of his arrest, and after the hearing, this motion was sustained by the trial court.

Then, on May 10, 1989, Arnett filed a motion *in limine* requesting "an order preventing and prohibiting the State of Ohio or any of its witnesses from making any reference either to the fact of a chemical test of the defendant's breath having been administered to him at the Logan County Sheriff's Department, or the results of such test."

Subsequently, the trial court sustained the motion *in limine* and specifically ordered "that the City Prosecuting Attorney instruct his witnesses to make no reference to the breath test administered to the defendant in this case, and that the City Prosecuting Attorney is not permitted to ask any questions that would lead any of the witnesses testifying in this cause to refer to the existence of said breath test."

Later, at the trial and during the cross-examination of the state's only witness, Trooper Timothy Heels, the defense was using a transcript of the previous hearing of the motion to point out inconsistencies between the testimony of the officer at the trial and his previous testimony at the motion hearing.

At that point, the prosecution did not object, but the trial court intervened to challenge the procedure, after which the following explanatory exchange took place:

"THE COURT: Well, the problem is that you have filed a motion in limine in this case, which I have granted and which you have asked the court to instruct the State not to make any

reference to the fact that the defendant was asked to submit to a breath test and that he took a breath test. What you've transcribed there was a hearing in front of this court on the issue of the admissibility of that breath test. I would expect you to adhere to the same constraint I've put on the State. And that is I don't expect you to refer to the fact that there is a breath test floating around out there either. And how are we going to refer to this mystical hearing in the past without identifying what you're reading from and telling the jury what happened back at the time of this hearing.

"MR. TRIPLETT: Your honor, I think that is simply handled by the acknowledgement by the witness that there was reason for him to testify previously in this case. I don't think it's relevant to the jury the purpose of the hearing. Simply introducing the fact that there was previous testimony given under oath concerning the same facts that he, that he's already testified about. I'm not seeking to get into the issue of the breath test in any way, shape, nor form. And I think -- any nor would I plan to introduce the transcript itself into evidence. Rather, that simply gave the witness fair notice as to what the prior testimony was and to give an opportunity to state whether or not he believes it to be inconsistent under the usual rules of evidence in that regard. And I don't think that to do so necessarily involves placing the issue of the breath test before the jury."

Subsequently, the trial court advised the defendant that there would be no cross-examination based upon any statements made at the motion hearing unless he withdrew his motion *in limine,* but Arnett refused to waive his rights under the motion arguing that his cross-examination as to inconsistencies would not relate to the breath test. Thus, the question arises as to whether Arnett was improperly denied the constitutional rights to which he alludes in his first assignment of error.

In this regard, the record fails to disclose that the suppression of the results of the breath test contemplated the suppression of all of the evidence presented at the hearing of the motion, and we are inclined to agree with the defendant that the blanket exclusion of all of the testimony submitted at the hearing had the effect of completely emasculating his defense.

Moreover, the record is silent as to why the trial court exercised control over a tactical choice which rested entirely with the defense. In fact, the defense, and not the prosecution, would have to assume all risks incident to the cross-examination of the officer as to inconsistent testimony, and if the jury did surmise anything from knowledge of a previous hearing, such information would have given no unfair advantage to the defendant. On the contrary, any speculation by the jury probably would have inured to the benefit of the prosecution.

The United States Supreme Court has stated on many occasions, and in many different ways, that the opportunity for cross-examination "is critical for ensuring the integrity of the fact-finding process." *Kentucky v. Stincer,* 483 U.S. 730. See also *Davis v. Alaska* (1974), 415 U.S. 308; *Douglas v. Alabama,* 380 U.S. 451; *Delaware v. Van Arsdall,* 475 U.S. 673.

Here, the state's evidence, which consisted largely of the testimony of Trooper Keels, was impressive, but we cannot say that the unwarranted exclusion of cross-examination by the trial court was harmless beyond a reasonable doubt under the test established in *Chapman v. California,* 386 U.S. 18. Hence, the first assignment of error is well made.

The second assignment of error has been presented as follows:

"The conviction in the present case is against the weight of the evidence presented at trial."

The appellant has argued this familiar allegation of error with more enthusiasm than most, and the appellee has offered no response, but this court is nonetheless bound by the oft-repeated pronouncement of the Supreme Court in *State v. Eley* (1978), 56 Ohio St. 2d 169, where the court advised that "a reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." Accordingly, the second assignment of error is overruled.

However, for the reasons offered in conjunction with the first assignment of error, the judgment will be reversed and the cause remanded to the Bellefontaine Municipal Court for a new trial.

*Judgment reversed.*

MILLER and EVANS, J.J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, was assigned to active duty

pursuant to Section 6(C), Article IV, Constitution.